DORGER, APPELLANT, *v.* MAYERSON, APPELLEE.

[Cite as Dorger v. Mayerson, 4 Ohio App. 2d 106.]

(No. 9581—Decided March 22, 1965.)

*Mr. Cedric Vogel*, for oppellant.
*Messrs. Goodman & Goodman*, for appellee.

HILDEBRANT, P. J.   This is an appeal on questions of law from the action of the trial court granting defendant's motion to dismiss a second garnishment proceeding herein, releasing the garnishee and directing the clerk to enter satisfaction of the judgment against defendant.

The case was presented below solely on a stipulation of facts between the parties, reciting in substance: (1) On April 19, 1962, a money judgment for plaintiff in the amount of $1,416.66 was entered against the defendant; (2) on October 29, 1963, plaintiff proceeded by way of garnishment, naming the First National Bank as garnishee, and, upon hearing, the bank was ordered to pay $1,419.66 into court to be applied on the judgment; (3) the bank paid into court $1,419.66, distributed by the clerk, first, in payment of costs in the amount of $78.85, and the balance of $1,340.81 was applied on the judgment of plaintiff; (4) on May 17, 1964, plaintiff filed a second garnishment proceeding, naming the First National Bank, seeking to recover interest on the judgment from April 19, 1962, to May 17, 1964, together with court costs previously deducted by the clerk from the first garnishment, together with any additional accrued costs, stated now to be $1.45.

The stipulation recites that it was relied upon solely at the hearing of the second affidavit and that no evidence was offered.   The amount set forth in the second affidavit as interest and costs is $251.42.

The docket of this court, case No. 9170, reveals that the judgment here was affirmed by this court and finally by the Supreme Court of Ohio, on March 18, 1964, with the cause remanded to the trial court.

The money became due on this judgment on the date of its rendition on April 19, 1962, and, by virtue of Section 2335.19, Revised Code, the costs of the party recovering were to be carried into his judgment.   By virtue of Section 1343.02, Revised Code, he is entitled to interest thereon, in this case, at not to exceed 6% per annum from the date of the judgment.

The stipulation, paragraph three, reveals that the money paid in by the garnishee was applied by the clerk in a manner which did not satisfy the judgment and the clerk was without authority under the statutes to enter a satisfaction thereof. "Satisfaction" is a technical term in its application to judgments and means the payment of the money due and all things come by the judgment.

In its application to a judgment, the word, "satisfaction," means the payment of money due on the judgment, which must be entered of record, and nothing but this is a legal satisfaction of the judgment.

At the time of the distribution of the money paid in by the garnishee, the case was pending on appeal by the defendant below and the judgment subject to being set aside, and costs in exact amount not ascertainable or fixed.

We, therefore, find it was error, prejudicial to the plaintiff, for the court below to dismiss the second garnishment proceeding and enter a satisfaction of an unsatisfied judgment.

The judgment is, therefore, reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

LONG and HOVER, JJ., concur.